LAMARR, APPELLANT, *v.* W. T. GRANT CO., APPELLEE.

(No. 2881—Decided April 14, 1943.)

*Mr. Morris Mendelssohn,* for appellant.
*Messrs. Wilson & Wyatt,* for appellee.

PHILLIPS, P. J. Plaintiff appeals to this court on questions of law from a judgment for defendant entered by the Court of Common Pleas upon defendant's motion for judgment in its favor notwithstanding the verdict. Plaintiff's action was to recover damages for personal injuries. She assigns the sustaining of such motion as the sole ground for the reversal of the judgment of the trial court.

Defendant in its answer admitted its corporate identity, location and operation of the store in question, denied that it carelessly and negligently allowed "slippery foreign matter to remain on the floor of its store," knew of or failed to warn plaintiff of its existence thereon, or failed to maintain such floor in a reasonably safe condition for "customers to walk upon," and alleged that if it should transpire that it was negligent in any respect as pleaded, then and in that event plaintiff was guilty of negligence which di-

rectly and proximately caused and contributed to any injury she received.

We learn from defendant's admissions and plaintiff's testimony offered upon direct examination, which constitutes the only evidence submitted to us for review, that defendant's "department store" is situated on the southerly side of West Federal street in downtown Youngstown; that among other aisles situated therein are two aisles, referred to herein as the easterly and westerly aisles, extending in a general northerly and southerly direction, which are approximately fifty to seventy-five feet long and five feet apart; that on the day alleged in her petition plaintiff entered defendant's store through its westerly entrance at a time when its store was "open to the public for the purpose of carrying on defendant's business;" that she walked along the westerly aisle to the rear thereof and made purchases, at which time she had been in the store "about twenty or twenty-five minutes;" that she then crossed over to the easterly aisle and walked thereon to the front of the store; that "she was anxious to get home;" that, upon reaching the front of the store, she changed her mind about leaving and immediately walked toward the rear of the store in a southerly direction along the easterly aisle and had reached a point about the middle thereof, near what she described as "a notion counter," when she "stepped on a piece of candy in cellophane paper" and "just slipped that way" when "her ankle went under her;" that she went forward about five or six feet and "stumbled" into and against such counter, sustaining personal injuries; that the day was rainy and the floor of defendant's store was wet near the front thereof "right at the door;" and that she had passed the place where she slipped and stumbled only that length of time before she slipped, which she consumed in

walking from that point to the front of the store and return to the place where she stumbled, which in no event could have been more than a few minutes, since the distance she walked was no more than 150 feet.

There is no evidence that the floor of defendant's store was wet where plaintiff stepped when she slipped and stumbled, or that there was "candy in cellophane paper" on the floor when plaintiff walked in the easterly aisle to the front of the store; that defendant sold candy "in cellophane papers;" that the candy or cellophane paper upon which she allegedly slipped were the property of or were sold or placed on the floor by the defendant, its servants or employees; and there is no evidence as to the length of time such candy was there before plaintiff was injured.

Without further discussion it is obvious, upon such evidence, that plaintiff failed to prove that defendant was responsible for the presence of the "candy in cellophane paper" in the aisle in question or that it failed to discharge the duty owed to her "to exercise ordinary care to have and keep the floor in question in a reasonably safe condition" for her use.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

CARTER, J., concurs.
NICHOLS, J., concurs in judgment.